Greef and others. E. W. Wakelee, for appellant. C. G. Miller, for respondents. No opinion. Judgment affirmed, with costs.

---

GARLICK, Respondent, v. MEYERS, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph Garlick against Louis Meyers. Leon Sanders, for appellant. Stanislaus N. Tuckman, for respondent.

PER CURIAM. The justice was right in setting aside the verdict. The evidence was clear that the coach in question was allotted to plaintiff in the division of the partnership property, that it was afterwards found in defendant's possession, that the plaintiff demanded its return, and that defendant refused to give it up. These facts established the plaintiff's right to recover. The defendant offered no evidence to show how he came into possession of the coach, or what claim of right, if any, he had to its possession. It is not important whether the coach was put in plaintiff's stable or taken away by defendant on the night that the division was made. In either event it belonged to the plaintiff, and later was found in defendant's possession. If he had any right to its possession, he should have made the fact to appear. Order affirmed, with $10 costs.

---

GEFFEN et al., Respondents, v. UNION CLOAK & SUIT CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Morris L. Geffen and others against the Union Cloak & Suit Company. Louis A. Jaffer, for appellant. Joseph Martin (William L. Mathot, of counsel), for respondents.

PER CURIAM. The case presents no exception which raises any question of law. Judgment (69 N. Y. Supp. 1134) affirmed, with costs.

---

GERKEN, Appellant, v. HALL et al., Respondents. (Supreme Court, Appellate Division, First Department. October 18, 1901.) G. H. Taylor, Jr., for appellant. L. Skidmore, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of court below. 71 N. Y. Supp. 753.

VAN BRUNT, P. J. I dissent from the conclusion arrived at by the majority of the court, affirming the order in this case upon the opinion of the court below. If the rule adopted in this case is to prevail, tenants have no protection whatever against aggressions of their landlords, when such landlords have the ability to respond to any judgment which may be recovered in an action at law. This is the first time in the history of jurisprudence in this state, so far as I have been able to learn, that a covenant for quiet enjoyment has been deliberately violated by a landlord and no protection has been afforded to the tenant, except his right to bring an action for damages. Cases are cited where the courts have remitted a landlord to his action for damages where he has sought to enforce a restrictive covenant against the use of the premises; but none can

be found where the landlord has threatened to, and is, deliberately violating his covenant of quiet enjoyment of the premises leased, and the tenant has not been afforded any protection. It is said that the maintenance of an injunction under the circumstances disclosed in this case would seem to work a greater hardship to the landlord than a vacation of it would to the tenant. In other words, notwithstanding that the landlord deliberately violates his covenant of quiet enjoyment, because by such violation he may gain greater advantages than the damage he does to his tenant, therefore the tenant is not to be protected. It seems to me that this is a dangerous doctrine. It is urged that the landlord notified the tenant that he was going to make certain improvements. This, however, the tenant denies. But, if he did, and he then went on and covenanted that the tenant should enjoy the premises for the term leased, which is to prevail,—his notice, or his covenant? It is said in the opinion of the court below: "It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges of a tenant are temporarily, but not unnecessarily, interfered with by proposed alterations and improvements to the landlord's building, even though the tenant may suffer some damage thereby." Why, then, did the landlord make the lease? To what extent is he to be allowed to interfere and violate his covenant? Who is to judge? What security has the tenant? How is the tenant to give proof in a court of law as to how many people have been deterred from entering his establishment by this serious disturbance of the facilities of ingress and egress on and from the premises leased? The landlord has a big building, which he desires to improve. The tenant has but a small portion of that building. The landlord's interests are great, and the tenant's small; but the small interest of the tenant is entitled to the same protection of the law as the large interest of the landlord. His ewe lamb may be of vastly more importance to the tenant than the numerous flocks of the landlord to him. The order should be reversed.

---

In re GIHON. CARPENTER, County Treasurer, et al., Appellants, v. GIHON et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) In the matter of the appraisal of the property of Caroline Remsen Gihon, deceased, under the act in relation to taxable transfers of property. Action by Francis M. Carpenter, treasurer of Westchester county, and Erastus C. Knight, comptroller of the state of New York, against William Gihon, F. G. Le Roy, and Haley Fiske, executors. No opinion. Decree of the surrogate's court of Westchester county (68 N. Y. Supp. 381) affirmed, on the opinion of the surrogate, with costs to the executors, respondents, payable out of the estate.

---

GOLD, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Hannah Gold against the Metropolitan Street Railway Company. A. H. Sarasohn, for appellant. H.

A. Robinson (G. Glenn Worden, of counsel), for respondent. No opinion. Judgment affirmed, with costs.

GOLDBERG, Appellant, v. CONGREGATION ACUDA ANSHEI, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph Goldberg against the Congregation Acuda Anshei. M. Brown, for appellant. I. Hourwich, for respondent. No opinion. Order reversed, with $10 costs.

GOLDRING, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Morris Goldring against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

GOODRICH, Respondent, v. BRETT, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Henry W. Goodrich against Pierre V. A. Brett. Herbert W. Taylor, for appellant. White & Wing, for respondent.

PER CURIAM. The contract provides, "in the event of defendant being defeated, that he will pay the disbursements incurred by plaintiff, past and future," and, further, that, in the event of success, defendant shall pay plaintiff one-third of the amount recovered by him, not only in the pending suit, which was but for an installment; but one-third of the total amount recovered under the contract. The words "defeated" and "success," as used in the contract, must be held to mean success or defeat in the action, as the action was the subject-matter of the contract. Defendant, it is admitted, succeeded in the action, and, as disbursements were only to be paid by him in the event of defeat, the decision of the learned trial justice was erroneous. Judgment reversed, and new trial ordered, with costs to abide event.

GORSE, Respondent, v. LYNCH, Appellant. (City Court of New York, General Term. May, 1901.) Action by Arthur H. Gorse against Franklin Lynch. Francis B. Chedsey, for appellant. F. De Lysle Smith, for respondent.

CONLAN, J. This is an action to recover the consideration expressed in a contract for the sale of the good will of a business. The parties were copartners, and the agreement for dissolution provided for the payment of a fixed sum on or before a certain day. That day had passed when the action was brought. The defendant, in his answer, set up certain affirmative defenses, calling for an accounting between the parties as to the profits of the business and the apportionment to be made thereof between the parties, by way of indicating that plaintiff had received more than his share thereof over and above the amount demanded in the complaint as the consideration for the transfer. This court has no equity jurisdiction to take and state an account between parties, and the rulings of the trial judge were in our opinion correct and proper. In an action for that purpose brought in a court of equity, full justice

72 N.Y.S.—70

could be done to any and all claims made by the defendant, and, if any injustice were done to him by the judgment in this action, he would have full remedy to correct the same. Under the agreement as it existed between the parties at the time of the commencement of this action, and the evidence as adduced upon the trial, the plaintiff's right to recover was absolute, and the direction of a verdict in his favor for the amount claimed was a determination of the issues with which we are not inclined to interfere. Judgment appealed from must therefore be affirmed, with costs. Judgment affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

GOTT, Respondent, v. PARKER et al., Appellants. (No. 1.) (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Fred A. Gott against Charles F. Parker & Co. No opinion. Order affirmed, with $10 costs and disbursements.

RUMSEY, J., not sitting.

GOTT, Respondent, v. PARKER et al., Appellants. (No. 2.) (Supreme Court. Appellate Division. Fourth Department. October 1, 1901.) Action by Fred A. Gott against Charles F. Parker & Co. No opinion. Order affirmed, with $10 costs and disbursements.

RUMSEY, J., not sitting.

GREENBAUM, Respondent, v. SCHULBERG et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Philip Greenbaum against Frank Schulberg and others. Henry L. Franklin, for appellants. Miles Rosenbluth, for respondent.

PER CURIAM. Reargument ordered at September general term, and appellants directed to insert in the printed case on appeal the order dismissing the indictment, offered in evidence and marked "Plaintiff's Exhibit B." If the original exhibit is lost, then the contents must be agreed upon and settled by the trial justice. Reargument ordered.

GREENWALD et al. v. WALES, Sheriff. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by Joseph Greenwald, Albert Hildebrandt, Isaac Alderman, and Daniel Greenwald against Augustus G. Wales, as sheriff of Broome county.

PER CURIAM. Motion denied, upon condition that the appellant's attorney, within 20 days from the time that a copy of this order is served upon him, has completed the appeal by serving the necessary papers therein and paying to the respondents' attorneys $10 costs of this motion; otherwise, granted, with $10 costs.

GROB, Respondent, v. GOTTFRIED, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Abraham Grob against Elias Gottfried. J. Rieger, for appellant. H. Lesser, for respondent.

PER CURIAM. The evidence was conflicting, and the judgment of the court below was correct. Judgment affirmed, with costs.